CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 14 2010

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHIE HANSFORD CONNER, ) | |
| Plaintiff, ) | Civil Action No. 7:10cv00017 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| A. GENE HART, JR, ESQ., ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Plaintiff, Richie Hansford Conner, brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the attorney whom he retained to represent him in a criminal matter provided constitutionally deficient legal representation. As relief, Conner seeks $50,000,000.00 in damages and various forms of injunctive relief. Inasmuch as Conner has not paid the filing fee, the court liberally construes his complaint as a request to proceed in forma pauperis and grants his request. However, upon consideration of his complaint, the court finds that defense counsel is an improper defendant in a Bivens action and, therefore, dismisses Conner's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.

To state a claim under Bivens, a plaintiff must allege that a federal officer acted under federal law to deprive plaintiff of a constitutional right. Bivens, 403 U.S. at 389; see also, Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, 63 F. App'x. 182 (6th Cir. 2003). A private attorney is not is not a federal officer for purposes of a Bivens action. See Allred v. McCaughey, 257 F. App'x. 91 (10th Cir. 2007); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984); Weaver v. Frick, No. 98-15362, 1999 U.S. App. LEXIS 4877, 1999 WL 191413, at *1 (9th Cir. Mar. 15, 1999) ("[A]n attorney appointed by the court does not act under color of state or federal

law when performing the traditional functions of counsel to a criminal defendant."); Anderson v. Sonenberg, 111 F.3d 962 (D.C. Cir. 1997) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of Bivens."); Bradford v. Shankman, 772 F.2d 905 (6th Cir. 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action."); cf. Richards v. Flynn, 263 Fed. Appx. 496 (7th Cir. 2008) (affirming sua sponte dismissal of Bivens action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of law); Cox v. Hellerstein, 685 F. 2d 1098 (9th Cir. 1982) (affirming dismissal of Bivens action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); Davis v. United States, No. CIV-06-1376-C, 2007 U.S. Dist. LEXIS 23246, 2007 WL 983206, at *6 (W.D. Okla. Mar. 29, 2007) (holding a federal public defender is not a federal officer for purposes of a Bivens-type action); Polk County v. Dodson, 454 U.S. 312, 321 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore, is not amenable to suit under 42 U.S.C. § 1983.). Therefore, the court finds that Conner's attempt to impose liability upon his former defense counsel under Bivens is a meritless legal theory and is

dismissed as frivolous.[1]

**II.**

For the stated reasons, the court dismisses this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 14th of January, 2010.

United States District Judge

---

[1] Alternatively, Conner's claim for damages for allegedly wrongful incarceration caused by ineffective assistance of counsel is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because Conner's underlying conviction has not been overturned or invalidated, or called into question by the issuance of a writ of habeas corpus, Conner's damages claim, which necessarily implies the invalidity of his conviction, is not cognizable under Bivens at this time.